**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

KATHLEEN MEEGHAN WALSH

Plaintiff,

v.

FITCH SOLUTIONS, INC., et al.,

Defendants.

CIV. NO.: 1:25-cv-06231-OTW

DECEMBER 10, 2025

**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the client's interests in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Such information may include, without limitation, personnel records, medical and mental-health records, financial information, and other privacy-sensitive materials. Such information may include, without limitation, any information that, in the good faith judgment of the party designating the material as confidential, if disclosed, would be detrimental to the conduct of that party's business or the business of any of that party's customers or clients and/or is defined as confidential information by applicable law. Information and documents designated as confidential will be stamped "CONFIDENTIAL."

1

2. Regardless of any marking or designation, all medical, psychological, mental-health, therapy, diagnostic, treatment, or similar health-related documentation concerning Plaintiff Kathleen Meeghan Walsh produced in this litigation shall automatically be deemed "CONFIDENTIAL" under this Order.  Likewise, regardless of any marking or designation, any information regarding Defendants that, if disclosed, would be detrimental to the conduct of Defendants' business or the business of Defendants' customers or clients produced in this litigation shall automatically be deemed "CONFIDENTIAL" under this Order.  Failure to stamp or designate such material shall not waive or alter its confidential status, and all receiving parties must treat such materials as Confidential Information from the moment of production.

3. Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

4. Counsel for any party may designate as "Attorneys' Eyes Only" or "Attorneys' and Experts' Eyes Only" and subject to this Order any document, information, or thing that, in whole or in part, contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Material produced and marked as Attorneys' Eyes Only or Attorneys' and Experts' Eyes Only may be disclosed only to outside counsel and/or relevant in-house counsel for the receiving party, and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

5. If a party challenges another party's confidentiality designation, including Attorneys' Eyes Only and Attorneys' and Experts' Eyes Only, counsel shall make a good-faith effort to resolve the dispute. If no resolution is reached, the challenging party may seek relief from the Court. Nothing in this Order constitutes an admission that any Confidential Information,

2

Attorneys' Eyes Only Information, or Attorneys' and Experts' Eyes Only Information is relevant or admissible, and each party reserves the right to object to the use or admissibility of any such information.

6. Confidential Information, Attorneys' Eyes Only Information, or Attorneys' and Experts' Eyes Only Information shall not be disclosed to any person except:

a. The requesting party and its counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in prosecution or defense, to the extent deemed necessary by counsel;

d. Court reporters during depositions; and

e. The Court (including mediators or persons with access by virtue of their Court position).

7. Before disclosing Confidential Information to any person, counsel must:

a. Inform the person of the information's confidential nature;

b. Inform the person that the Court has enjoined its use for any purpose other than this litigation and prohibited further disclosure; and

c. Require the person to sign the attached Agreement to Be Bound.

8. Disclosure of a document without a confidentiality designation does not waive the right to later designate the document as Confidential Information. If designated after disclosure, the document shall thereafter be treated as Confidential. This paragraph does not override Paragraph 2.

3

9. Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained securely.

10. Pursuant to Federal Rules of Evidence 502 and Civil Procedure 26(b)(5)(B), inadvertent disclosure of privileged or work-product material shall not constitute a waiver if Rule 502 and Rule 26(b)(5)(B) procedures are followed.

11. Designation of material as "CONFIDENTIAL" does not by itself entitle a party to file such material under seal. The parties shall follow the Court's rules and the Southern District's procedures for sealing or redacting filings.

12. At the conclusion of litigation, Confidential Information and copies thereof shall be returned to the producing party or destroyed (with written certification) within 30 days after final judgment no longer subject to appeal, except that counsel may retain working files that remain protected under this Order.

SO STIPULATED AND AGREED:

PLAINTIFF,
KATHLEEN MEEGHAN WALSH

By:    /s/ *Tyler J. Balding*                    Date:  December 10, 2025
       Tyler J. Balding
       Mark P. Carey
       Carey & Associates
       71 Old Post Road, Suite One
       Southport, CT 06890
       tbalding@capclaw.com
       mcarey@capclaw.com

DEFENDANTS,
FITCH SOLUTIONS INC.
FITCH GROUP INC.

By:    /s/ *Leo T. Ernst*                        Date:  December 10, 2025

4

9. Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained securely.

10. Pursuant to Federal Rules of Evidence 502 and Civil Procedure 26(b)(5)(B), inadvertent disclosure of privileged or work-product material shall not constitute a waiver if Rule 502 and Rule 26(b)(5)(B) procedures are followed.

11. Designation of material as "CONFIDENTIAL" does not by itself entitle a party to file such material under seal. The parties shall follow the Court's rules and the Southern District's procedures for sealing or redacting filings.

12. At the conclusion of litigation, Confidential Information and copies thereof shall be returned to the producing party or destroyed (with written certification) within 30 days after final judgment no longer subject to appeal, except that counsel may retain working files that remain protected under this Order.

SO ORDERED:

Hon. Ona T. Wang
United States Magistrate Judge

SO STIPULATED AND AGREED:

PLAINTIFF,
KATHLEEN MEEGHAN WALSH

By:    /s/ *Tyler J. Balding*          Date: December 10, 2025
       Tyler J. Balding
       Mark P. Carey
       Carey & Associates
       71 Old Post Road, Suite One
       Southport, CT 06890
       tbalding@capclaw.com
       mcarey@capclaw.com

DEFENDANTS,
FITCH SOLUTIONS INC.
FITCH GROUP INC.

By:    /s/ *Leo T. Ernst*          Date: December 10, 2025

4

Leo T. Ernst
Jackson Lewis P.C.
666 Third Ave, 28th Floor
New York, NY
leo.ernst@jacksonlewis.com